1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                  SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 IN RE STEWART NEIL MAYER, | Case No.: 20-CV-1369 TWR (JLB) |
| 12 Debtor, | Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA |
| 13 | |
| 14 ROBERT J. HARRINGTON, | **ORDER (1) DENYING APPELLANT'S MOTION FOR** |
| 15 Appellant, | **LEAVE TO APPEAL, AND (2) REMANDING ACTION TO THE** |
| 16 v. | **UNITED STATES BANKRUPTCY** |
| 17 STEWART NEIL MAYER, | **COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** |
| 18 Appellee. | |
| 19 | (ECF No. 23) |

20        Presently before the Court is Appellant Robert J. Harrington's Motion for Leave to

21   Appeal ("Mot.," ECF No. 3-1) on an interlocutory basis two orders of the United States

22   Bankruptcy Court for the Southern District of California entered in *Harrington v. Mayer*,

23   No. 18-90015-LA (Bankr. S.D. Cal.) (the "Adversary Proceeding"): (1) the grant of partial

24   summary judgment in favor of Appellee and Debtor Stewart Neil Mayer, and (2) the denial

25   of Appellant's motion for reconsideration of that ruling.  Also before the Court are

26   Appellee's Opposition to ("Opp'n," ECF No. 7) and Appellant's Reply in Support of

27   ("Reply," ECF No. 22) the Motion.  The Court concludes that the Motion is suitable for

28   resolution on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

1

20-CV-1369 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA

1   Having carefully considered the Parties' arguments, the record, and the law, the Court

2   **DENIES** Appellant's Motion and **REMANDS** this action.

3                                            **BACKGROUND**

4   **I.      The Massachusetts Litigation**

5           In the 1980s, Appellant and Appellee entered into an oral agreement to become real

6   estate partners in Massachusetts. (*In re Mayer*, Case No. 17-05922-LA7 (Bankr. S.D. Cal)

7   ("*In re Mayer*" or the "Bankruptcy Proceeding"), ECF No. 85-2 at 2; *In re Mayer* ECF No.

8   85-3 Ex. 4 at 6.) In 1995, pursuant to their partnership agreement, Appellant and Appellee

9   incorporated Nexum Development Corp. ("NDC"), a Massachusetts corporation. (*In re*

10  *Mayer*, ECF No. 85-2 at 2; *In re Mayer* ECF No. 10 at 12.) In 1996, also pursuant to their

11  partnership agreement, Appellant and Appellee formed Terrian, LLC ("Terrian"), a

12  Massachusetts limited liability corporation. (*In re Mayer*, ECF 85-2 at 2; *In re Mayer* ECF

13  No. 10 at 12.)

14          In September 2010, Appellee brought an action against Appellant in Middlesex

15  Superior Court in Massachusetts, *Mayer v. Harrington*, No. 10-3537 (Mass. Super.),

16  seeking the dissolution of NDC and alleging that Appellant had breached his fiduciary

17  duties to Appellee. (*In re Mayer*, ECF No. 85-3 Ex. 1.) Appellant filed a counterclaim

18  against Appellee, seeking damages for breach of fiduciary duty, breach of contract,

19  fraudulent misrepresentations, and violations of chapter 93A of the Massachusetts General

20  Laws. (*In re Mayer*, ECF No. 85-3 Ex. 2.)

21          In August 2011, Appellee's sister, Patricia F. Mayer, as Trustee of the Mayer Family

22  Trust, brought an action against Appellant and Terrian, *Mayer v. Terrian, LLC*, No. 11-

23  2762 (Mass. Super.). (*In re Mayer*, ECF No. 85-3 Ex. 3.) Ms. Mayer sought to obtain a

24  discharge of a mortgage on a parcel of real estate granted to Terrian by Ms. Mayer as

25  Trustee of the Survivor's Trust, a sub-trust of the Mayer Family Trust. (*Id.*) Appellant

26  filed a counterclaim against Ms. Mayer and Appellee, again seeking damages for breach

27  of fiduciary duty, breach of contract, fraudulent misrepresentation, and violations of

28  chapter 93A of the Massachusetts General Laws. (*In re Mayer*, ECF No. 85-3 Ex. 5.)

1    In October 2011, both lawsuits were consolidated (the "Consolidated Case"),
2    following which the Parties engaged in extensive discovery. (*In re Mayer*, ECF No. 85-2
3    at 2.)  A jury trial was scheduled for October 4, 2017. (*Id.*)  On September 29, 2017,
4    however, Appellee filed a voluntary petition for relief under Chapter 7, which resulted in
5    the cancellation of the trial and the Consolidated Case being placed on inactive status. (*Id.*)

6    **II.     The Bankruptcy Proceeding**

7         *A.      Appellant's Adversary Proceeding*

8         On February 12, 2018, Appellant initiated the Adversary Proceeding by filing a
9    complaint against Appellee requesting an order either (1) denying the discharge of the debt
10   pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), or (2) denying Appellee a discharge
11   pursuant to 11 U.S.C. §§ 727(a)(3) and 727(a)(5).[1]  (Adversary Proceeding, ECF No. 1.)

12        Appellant requested a stay of the Adversary Proceeding on December 12, 2018.
13   (Adversary Proceeding, ECF No. 46.)  On January 10, 2019, the Honorable Louise DeCarl
14   Adler granted a temporary stay of discovery. (Adversary Proceeding, ECF No. 53.)

---

[1] Section 523(a) provides, in relevant part:

> A discharge . . . does not discharge an individual debtor from any debt . . .
> for money, property, services, or an extension, renewal, or refinancing of
> credit, to the extent obtained by . . . false pretenses, a false representation,
> or actual fraud, other than a statement respecting the debtor's or an insider's
> financial condition . . . [or] for fraud or defalcation while acting in a
> fiduciary capacity, embezzlement, or larceny.

11 U.S.C. §§ 523(a)(2)(A), 523(a)(4).

Section 727(a)(3) provides:

> The court shall grant the debtor a discharge, unless . . .  the debtor has
> concealed, destroyed, mutilated, falsified, or failed to keep or preserve any
> recorded information, including books, documents, records, and papers,
> from which the debtor's financial condition or business transactions might
> be ascertained, unless such act or failure to act was justified under all of the
> circumstances of the case.

11 U.S.C. § 727(a)(3).

1

### B.      *Appellant's Claim in the Bankruptcy Proceeding*

In March 2018, Appellant filed Claim 5 in the underlying Bankruptcy Proceeding against Appellee in the amount of $2,050,901.00 for claims of breach of fiduciary duty, breach of contract, fraud, and violations of chapter 93A of the Massachusetts General Laws.  (*In re Mayer*, ECF No. 85-2 at 4.)  According to Appellant, the claims asserted in Claim 5 "are exactly the same claims that [he] asserted against [Appellee] in the Consolidated Case." (*Id.*)

### C.      *Appellant's Request for Relief from the Automatic Stay*

In September 2018, Appellant moved in the Bankruptcy Proceeding for relief from the automatic bankruptcy stay so that the Consolidated Case could proceed to a jury trial. (*In re Mayer*, ECF No. 85.)  Although Judge Adler held several hearings on the motion, (*see In re Mayer*, ECF Nos. 96, 135, 151, 172), she did not rule on it.

On July 1, 2019, Judge Adler issued a Tentative Ruling indicating that she was inclined to grant the requested relief from the automatic bankruptcy stay.  (*In re Mayer*, ECF No. 171.)  At the hearing on July 2, 2019, however, Appellee's counsel impressed upon Judge Adler that he would be prepared to move for summary judgment—possibly narrowing the issues for trial—if permitted the opportunity to depose Appellant.  (Opp'n Ex. 3 ("Tr.") at 8:14–9:19.)  Judge Adler therefore vacated her Tentative Ruling on Appellant's motion and lifted the stay in the Adversary Proceeding for sixty days to allow each Party to depose the other and to allow Appellee to file a motion for summary judgment. (*See id.* at 46:19–47:12, 48:28–40:10, 51:4–27.)

### D.      *Appellee's Motion for Summary Judgment*

The Parties deposed each other in February 2020, (ECF No. 3-1 at 11), and on March 20, 2020, Appellee filed a motion for summary judgment or, in the alternative, for adjudication of undisputed facts.  (Adversary Case, ECF No. 97.)  In opposition, in addition to arguing the merits, Appellant asked Judge Adler to defer ruling on Appellee's motion pursuant to Federal Rule of Civil Procedure 56(d) to allow Appellant additional time to take discovery, claiming that he had been unable to complete discovery due to the stay he

4

1   had requested in the Adversary Proceeding.  (Adversary Case, ECF No. 106.)  Appellant

2   did not oppose dismissal of his claim under Section 727(a)(5).  (ECF No. 3-1 at 32.)

3          On May 28, 2020, Judge Adler granted partial summary judgment in favor of

4   Appellee on Appellant's claims under Section 727(a)(3) and 727(a)(5) and limited

5   Appellant's claim under Section 523(a)(4).  (Adversary Case, ECF No. 118.)  In so ruling,

6   Judge Adler denied Appellant's request to defer ruling on the motion pending further

7   discovery.  (*Id.*)

8          Appellant moved *ex parte* for reconsideration on June 12, 2020.  (Adversary Case,

9   ECF No. 121.)  On June 29, 2020, Judge Adler denied the motion.  (Adversary Case, ECF

10  No. 126.)

11         The instant action followed on July 17, 2020, (*see* ECF No. 1), through which

12  Appellant seeks leave to pursue an interlocutory appeal of Judge Adler's summary

13  judgment and reconsideration orders.  (*See* ECF No. 3-1.)

14                                  **LEGAL STANDARD**

15         Section 158(a)(3) of Title 28 of the United States Code provides that, with leave of

16  court, district courts have jurisdiction to hear appeals of interlocutory orders of bankruptcy

17  judges.  28 U.S.C. 158(a)(3); *see also* Fed. R. Bankr. P. 8004(a) (setting forth procedure

18  for interlocutory appeals under Section 158(a)(3)).  Neither Section 158 nor Rule 8004,

19  however, articulates the standard governing when leave should be granted.  Courts

20  therefore "look[] to the standards set forth in 28 U.S.C. §1292(b)," which governs

21  interlocutory appeals in non-bankruptcy federal actions.  *Roderick v. Levy (In re Roderick*

22  *Timber Co.)*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995) (citing *Leisure Dev. Inc. v. Burke*

23  *(In re Burke)*, 95 B.R. 716, 717 (9th Cir. B.A.P. 1989); *Lompa v. Price (In re Price)*, 79

24  B.R. 888, 889 (9th Cir. B.A.P. 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989)).

25         Under 28 U.S.C. §1292(b), leave to appeal is appropriate where (1) there is a

26  controlling question of law, (2) as to which a substantial ground for a difference of opinion

27  exists, and (3) an immediate appeal could materially advance the ultimate termination of

28  the litigation.  28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020,

1   1026 (9th Cir. 1981).  The Ninth Circuit has cautioned that Section 1292(b) "is to be applied

2   sparingly and only in exceptional cases."  *United States v. Woodbury*, 263 F.2d 784, 788

3   n.11 (9th Cir. 1966); *see also Coopers & Lybrand v Livesay*, 437 U.S. 463, 475 (1978)

4   ("[E]xceptional circumstances [must] justify a departure from the basic policy of

5   postponing appellate review until after the entry of a final judgment."); *James v Price Stern*

6   *Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that Section 1292(b) is

7   available only "[i]n rare circumstances" and "must be construed narrowly").

8                                    **ANALYSIS**

9          By way of the instant Motion, Appellant seeks leave to obtain interlocutory review

10  of Judge Adler's orders granting in part Appellee's motion for summary judgment and

11  denying Appellant's motion for reconsideration of that order.  (*See generally* Mot.)

12  Appellee opposes on the grounds that Appellant has failed to demonstrate his entitlement

13  to this "extraordinary relief" under the requisite Section 1292(b) factors.  (*See generally*

14  Opp'n.)  The Court agrees that Appellant has failed to carry his burden.

15  **I.     Controlling Question of Law**

16         A party seeking an interlocutory appeal must first demonstrate that the order to be

17  appealed "involves a controlling question of law."  28 U.S.C. § 1292(b); *see also In re*

18  *Cement*, 673 F.2d at 1026.  A question of law is "controlling" if "resolution of the issue on

19  appeal could materially affect the outcome of litigation in the district court."  *In re Cement*,

20  673 F.2d at 1026.  "Section 1292(b) was intended primarily as a means of expediting

21  litigation by permitting appellate consideration during the early stages of litigation of legal

22  questions which, if decided in favor of the [Appellant] would end the lawsuit."  *Woodbury*,

23  263 F.2d at 784.

24         The Court agrees with Appellee that Appellant fails to identify a controlling question

25  of law.  (*See* Opp'n at 9.)  Despite recognizing that Section 1292(b) applied to his Motion,

26  (*see* Mot. at 15–16), Appellant never explicitly addressed the relevant factors, arguing

27  instead that Judge Adler's rulings adversely affect the rights of Appellant and other

28  creditors, that the trial will be lengthy, that discovery is not complete, and that an

1   interlocutory appeal will serve the interests of judicial economy.  (*See id.* at 16–20.)

2   Appellant attempts to cure this deficiency on Reply, contending that "the issues [Appellant]

3   seeks leave to appeal could materially affect the outcome of the litigation."  (Reply at 3.)

4   Specifically, Appellant contends that reinstatement of his Section 727(a)(3) claim on

5   appeal would mean that Appellee "would no longer be able to obtain a discharge," (*see*

6   Reply at 3); that reinstatement of the Section 523(a)(4) claim on appeal would "increase[]

7   substantially" the damages Appellant would be entitled to recover, (*see* Reply at 3–4); and

8   that success on the Rule 56(d) argument would entitle Appellant to further discovery that

9   is likely to help prove his claims at trial.  (*See* Reply at 4.)

10        Appellant's arguments are too little, too late.  Not only was it improper for Appellant

11   to raise these arguments for the first time in his Reply, *see, e.g.*, *Zamani v. Carnes*, 491

12   F.3d 990, 997 (9th Cir. 2007), but Appellant fails to identify a controlling question of law.

13   *Woodbury*, 263 F.2d at 784.   Rather, Appellant contends that Judge Adler erred by

14   concluding (1) that Appellee maintained adequate records for purposes of Section

15   727(a)(3) based on the testimony of the Trustee, (Mot. at 13–14); (2) that Appellant's

16   evidence was "too vague to create a triable issue" as to his Section 523(a)(4) claim, (Mot.

17   at 14); and (3) that Appellant was not entitled to relief under Rule 56(d) because he was

18   not diligent in seeking discovery.  (Mot. at 15.)  Courts routinely conclude, however, that

19   "whether [an appellant] has presented sufficient evidence to show a genuine issue . . . [of]

20   material fact, and thus avoid summary judgment under Fed. R. Civ. P. 56(c), is not a

21   question of law within the meaning of § 1292(b)."  *Harris v. Vector Mktg. Corp.*, No. 08-

22   CV-5198-EMC, 2009 WL 4050966, at *2 (N.D. Cal. Nov. 20, 2009) (collecting cases); *see*

23   *also Waldron v. FDIC (In re Venture Fin. Grp., Inc.)*, Nos. 15-5892 RJB & 13-46392 BDL,

24   2015 WL 8972175, at *3 (W.D. Wash. Dec. 16, 2015) (denying interlocutory appeal of

25   bankruptcy court's denial of summary judgment as an issue of fact, or at least a fact-based

26   inquiry, rather than a question of law); *McDonnell v. Riley*, No. 15-cv-01832-BLF, 2016

27   WL 613430, at *5 (N.D. Cal. Feb. 16, 2016) ("[G]iven the factual inquiry needed in

28   resolving [the appellant]'s appeal, [the appellant] has not shown that this appeal involves

1  a controlling question of law."). As for the Rule 56(d) issue, "the discretionary resolution

2  of discovery issues precludes the requisite controlling question of law." *White v. Nix*, 43

3  F.3d 374, 377–78 (8th Cir. 1994); *see also City of Los Vegas v. Foley*, 747 F.2d 1294, 1297

4  (9th Cir. 1984) (concluding that interlocutory review pursuant to Section 1292(b) is not

5  available for a discovery order because it did not present a "controlling question of law").

6  Accordingly, Appellant has failed to demonstrate that his proposed interlocutory

7  appeal involves a controlling question of law. Because all three factors under Section

8  1292(b) must be met, *see Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010),

9  Appellant's failure to establish a controlling question of law alone merits denial of

10  Appellant's Motion. Nonetheless, the Court briefly addresses the remaining factors, which

11  bolster the Court's conclusion.

12  **II.    Substantial Ground for Difference of Opinion**

13  "[T]o determine if a 'substantial ground for difference of opinion' exists under

14  Section 1292(b), courts must examine to what extent the controlling law is unclear."

15  *Couch*, 611 F.3d at 633. "That settled law might be applied differently does not establish

16  a substantial ground for difference of opinion." *Id.* Instead, a "substantial ground for

17  difference of opinion" exists where "the circuits are in dispute on the question and the court

18  of appeals of the circuit has not spoken on the point, if complicated questions arise under

19  foreign law, or if novel and difficult questions of first impression are presented." *Id.* One

20  party's strong disagreement with the ruling is insufficient to establish a "substantial ground

21  for difference." *Id.*

22  Appellant fails to identify a substantial ground for a difference in opinion in his

23  Motion. (*See generally* Mot.) Instead, Appellant evidences only his disagreement with

24  Judge Adler's application of the facts to the law, (*see id.*), which does not suffice. *See*

25  *Couch*, 611 F.3d at 633. Appellant attempts to remedy this in his Reply, relying on *City of*

26  *San Bernardino*, 260 F. Supp. 3d 1216 (C.D. Cal. 2013), to argue that he need only show

27  that "a fair-minded jurist could reach a contrary conclusion" or that the court's ruling was

28  "contrary to precedent" or "directly contrary to well established case law." (*See* Reply at

8

1   4–5.) In *City of San Bernardino*, however, the court found that courts held widely divergent

2   views and that case law provided little insight on how the law should be applied. 260 F.

3   Supp. 3d at 1225. On that basis, the court concluded that "substantial grounds for

4   difference of opinion exist where novel legal issues are presented, on which fair-minded

5   jurists might reach contradictory conclusions." *Id.*

6        Appellant makes no such showing here. Rather, Appellant's arguments are the sort

7   generally resolved through standard, post-judgment appeal. (*See* Opp'n at 10 (arguing that

8   Appellant's arguments, if true, would mean that "every party that suffered an adverse ruling

9   in the context of [a] summary judgment motion would be entitled to an interlocutory

10  appeal").) The Court therefore concludes that Appellant has failed to establish that his

11  appeal presents a substantial ground for difference of opinion.

12  **III.   Materially Advance the Ultimate Termination of the Litigation**

13       Finally, an interlocutory appeal must serve judicial economy by materially

14  advancing the ultimate termination of the litigation. *In re Cement*, 673 F.2d at 1027. An

15  interlocutory appeal materially advances the ultimate termination of the litigation when

16  resolution of the controlling question of law "may appreciably shorten the time, effort, or

17  expense of conducting a lawsuit." *U.S. Rubber Co. v Wright*, 359 F.2d 784, 785 (9th Cir.

18  1966). "The legislative history of 1292(b) indicates that this section was to be used only

19  in exceptional situations in which allowing an interlocutory appeal would avoid protracted

20  and expensive litigation." *Id.* The party seeking interlocutory review "has the burden of

21  persuading the court . . . that exceptional circumstances justify a departure from the basic

22  policy of postponing appellate review until after the entry of final judgment." *Coopers &*

23  *Lybrand*, 437 U.S. at 475 (1978).

24       Appellant contends that granting leave would serve judicial economy by avoiding

25  the likelihood of a second trial if Appellant were to succeed in a subsequent appeal. (*See*

26  Mot. at 16, 18, 20; *see also* Reply at 5–7.) But the possibility of a new trial is "not sufficient

27  to satisfy the 'materially advance' criterion, particularly when weighed against the

28  possibility that interlocutory appeal merely wastes more time if the [Bankruptcy] Court's

1   ruling is affirmed." *See Bona Fide Conglomerate, Inc. v. SourceAm.*, No. 14-CV-0751-

2   GPC-DHB, 2015 WL 12028458, at \*4 (S.D. Cal. Mar. 4, 2015).  Further, Appellant fails

3   to explain how the interlocutory appeal would shorten time or lessen the effort or expense

4   of this litigation, which will face an appeal and lengthy trial(s) in either instance.  *See*

5   *Medlock v. Taco Bell*, No. 7-CV-01314-SAB, 2014 WL 6389382, at \*2 (E.D. Cal Nov. 14,

6   2014) ("[R]egardless of whether an appeal was taken now or an appeal was taken after

7   final judgment . . . the action would be remanded, and discovery and trial on the reinstated

8   claims would take place [and t]he only difference would be whether the process takes place

9   now as opposed to after final judgment."); *Hanni v. Am. Airlines, Inc.*, No. 08-00732-CW,

10  2008 WL 5000237, at \*7 (N.D. Cal. Nov. 21, 2008) ("If the Ninth Circuit affirms the

11  Court's order, the interlocutory appeal would have delayed the termination of this case [and

12  i]f the Ninth Circuit reverse[s], the claims will go forward and one party may take a second

13  appeal, thus burdening the court of appeals with two appeals in the same case.").

14  Accordingly, the Court concludes that Appellant has failed to establish that an interlocutory

15  appeal would materially advance the ultimate termination of this litigation.

### CONCLUSION

17      In light of the foregoing, the Court **DENIES** Appellant's Motion for Leave to Appeal

18  (ECF No. 3-1) and **REMANDS** this action to the United States Bankruptcy Court for the

19  Southern District of California.  The Clerk of Court **SHALL CLOSE** the file.

20      **IT IS SO ORDERED.**

22  Dated:  November 16, 2020

Honorable Todd W. Robinson
United States District Court

10

20-CV-1369 TWR (JLB)
Bankruptcy No.: 17-05922-LA7 & Adversary Proc. No.: 18-90015-LA